UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DWIGHT MORROW HENLEY,

                Plaintiff,

v.

C. MILLER, *et al.*,

                Defendants.

                                    /

Case No. 1:11-cv-538

Hon. Robert J. Jonker


## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on three motions to dismiss for insufficient service of process filed by defendants Robert Gilbert and Blaine Lafler (docket no. 10), Colleen Byrnes (docket no. 12), and Cheryl Miller (docket no. 14).

### I.      Background

On May 23, 2011, plaintiff filed a complaint in which he alleged that eight state employees violated his civil rights. *See* docket no. 1.  Unlike most prisoners, plaintiff paid the $350.00 filing fee and did not seek *in forma pauperis* status.  After reviewing the complaint on initial screening, the court dismissed all but  four defendants: Carson City Correctional Facility (DRF) Resident Unit Manager (RUM) Cheryl Miller; DRF Transfer Coordinator Colleen Byrnes; DRF Warden Blaine Lafler; and MDOC Central Facilities Manager (CFM) Robin Gilbert. *See* Order (docket no. 6). The court ordered that these four remaining defendants be served. *See* Order (docket no. 6).  Summonses were issued and plaintiff returned copies of summonses, which were purportedly served on various dates: December 19, 2011 (all four defendants) (docket no. 7);

January 4, 2012 (Byrnes) (docket no. 8); and, January 5, 2012 (Miller) (docket no. 9).  However, each of the summonses contains an incomplete (unsigned) proof of service.  *Id.*  In short, there are multiple returns on two defendants and no evidence of who actually served the summonses.

Defendants moved to dismiss this action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  In response to the motions to dismiss, plaintiff admitted that he served the defendants by certified mail "because he has no person 18 years of age to effectuate service on his behalf."  Plaintiff's Response (docket no. 16).  Plaintiff also submitted copies of requests for each defendant to waive service of a summons pursuant to Fed. R. Civ. P. 4(d).  *See* Waivers of Service directed to defendants Lafler and Gilbert (unsigned) (docket no. 16-2); Waivers of Service directed to defendants Byrnes and Miller (unsigned) (docket no. 17-2).  Plaintiff later submitted signed waivers from each defendant.  *See* Waivers of Service directed to defendant Gilbert (signed by Gilbert on January 20, 2012) and Byrnes (signed by Byrnes on January 25, 2012) (docket no. 18-1); and Waivers of Service directed to defendants Miller and Lafler (signed by J. Koenegiknecht "with permission" of Miller and Lafler on February 17, 2012)(docket no. 21-1).  A few weeks later, on March 2, 2012, the four defendants appeared in this action through their attorney Thomas Leonard and moved for summary judgment on the merits.  *See* Motion for summary judgment (docket no. 19).

## II.     Defendants' motions to dismiss for insufficient service

### A.      Legal Standard

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  In such cases, the plaintiff bears the burden of proving that proper service was effected. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*,

635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich.1994). *See LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) "actual knowledge and lack of prejudice cannot take the place of legally sufficient service"). In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court court may construe the motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)). In this regard, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"). *See also, Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service").

### B. Discussion

"The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Here, defendants contend that plaintiff improperly attempted to serve the four summonses without engaging a third-party process server. *See* Fed. R. Civ. P. 4(c)(2) (providing that "[a]ny person who is at least 18 years old **and not a party** may serve a summons and complaint") (emphasis added). *See Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant").

Plaintiff concedes that he did not engage a third party to serve the summonses, representing to the court that he attempted to serve defendants himself via certified mail.

Plaintiff has not met his burden to demonstrate that the summonses executed on defendants Gilbert, Lafler, Byrnes and Miller were properly served under Fed. R. Civ. P. 4. Under the circumstances of this case, the court views defendants' Rule 12(b)(5) motions as ones to quash service of process rather than as ones to dismiss the action. *See Haley*, 529 F.2d at 79; *Stern*, 200 F.2d at 795*;Young's Trading Company*, 222 F.R.D. at 342; *Daley*, 105 F.R.D. at 89. Normally, the motion to quash filed by defendants Gilbert, Lafler, Byrnes and Miller would be granted as to the improperly served summonses.

Nevertheless, the court has jurisdiction over defendants in this matter. When plaintiff recognized his error in attempting to serve defendants without utilizing a process server, he subsequently obtained waivers of service for each defendant as allowed under Fed. R. Civ. P. 4(d). Defendants did not object to the form or validity of the waivers.   A few weeks later, defendants appeared in this matter by counsel and moved for summary judgment on the merits. In short, defendants have voluntarily appeared in this action. *See Scarton v. Charles*, 115 F.R.D. 567, 568 (E.D. Mich. 1987) (observing that a federal court is without jurisdiction if service of process is not made in accordance with applicable federal or state requirements "[u]nless a defendant voluntarily makes an appearance or waives defective service"), citing *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982).

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motions to dismiss for insufficient service (docket nos. 10, 12 and 14) be **DENIED**, and that the court

exercise jurisdiction over defendants by virtue of their subsequently filed waivers, appearances and

joint motion for summary judgment.


Dated:  August 3, 2012                                    /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge




ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).